Roziene v. Wolf.

## ROZIENE v. WOLF.

1. **Verdict**: REFUSAL TO DISTURB: CONFLICT OF EVIDENCE. When the evidence is conflicting, the Supreme Court will not disturb the verdict on the ground that it is against the weight of the evidence, even though it might, if the question were original, have decided it differently.

2. **Instruction**: PERTINENCY OF: PROMISSORY NOTE. Where the knowledge by the maker of the contents of a promissory note was in issue and he alleged that he was deceived in respect thereto, an instruction to the effect that it was his duty to be diligent to avoid imposition, without calling attention to the fact that it was in his possession several days, was held to be correct.

3. **New Trial**: AFFIDAVIT OF ATTORNEY: NEWLY DISCOVERED EVIDENCE. In an application for a new trial the affidavit of an attorney that certain evidence has been discovered since the former trial is not sufficient ground for granting the application, when it does not appear that the party himself may not have known of its existence at that time.

*Appeal from Chickasaw Circuit Court.*

FRIDAY, JUNE 9.

ACTION AT LAW. The petition states that plaintiff contracted verbally with defendant to negotiate a loan for him to the amount of twelve hundred dollars, the same to be secured by mortgage, which was to be a first lien. The loan was to be for five years and bear ten per cent interest. The plaintiff was to receive fifteen per cent commission, amounting to $180, which defendant was to pay at the time the loan was completed. The petition avers performance on plaintiff's part and a tender of $1020, being amount of the loan less plaintiff's commission, and avers that defendant refused to remove the prior incumbrances on the land and accept the loan. The action is brought for the $180.

The answer admits the contract so far as the amount and time the loan was to be for, but states the rate of interest was to be thirteen per cent; that plaintiff knew at the time defendant's premises were encumbered to the extent of $1,200 and that he desired the money to discharge the liens, and that this could not be done unless defendant received the full

amount of $1,200. The answer admits the tender of $1,020, but states that defendant was compelled to refuse the same because he could not remove the encumbrances therewith on the land. By way of counter claim defendant states that he executed the notes and mortgage and delivered them to plaintiff, believing they were to run for five years, when in fact they were payable in three years; that defendant has demanded the same of the plaintiff but he refuses to deliver them to defendant, and has converted the same to his own use; wherefore defendant asks judgment. A general denial of the answer was filed, and in an amendment to the petition plaintiff states the loan was to run three instead of five years.

There was a jury trial, and a general verdict as follows: "We the jury find for the defendant and assess his damages at the amount of the notes." Certain special findings were also made by the jury. Judgment was rendered on the verdict and plaintiff appeals.

*Ayres & Shaver*, for appellant.

*Powers & Kenyon*, for appellee.

SEEVERS, CH. J.—I. It is mainly sought to reverse the judgment below because the verdict is clearly against the weight of the evidence. The principal point in controversy was whether the loan was to be for three or five years. The presumption arising from the execution of the notes and mortgages that defendant knew their contents, like all other presumptions, may be overcome by testimony. The burden was on the defendant to do this. The jury found specially that the defendant understood the notes and mortgages were to run for five years. The defendant is a German and does not understand the English language very well. The evidence was conflicting, and while we could well say as an original question we might have found differently, yet in view of the finding of the jury and the refusal of the trial court to grant a new trial, we cannot say there is such a want of testimony as to justify us in disturbing the judgment.

1. VERDICT: refusal to disturb: conflict of evidence.

II.   It is claimed that certain instructions given the jury were erroneous, because they are not applicable to the evidence. In our view this objection is not well taken.   We have examined the instructions with care, and without doubt or difficulty conclude they are not obnoxious to the objection made.   The tenth instruction is objected to because it fails to call attention to the fact (as claimed) that defendant had possession of the notes several days before executing them.   The instruction, however, does not ignore this fact, nor does it, as assumed by counsel, call special attention to the day the notes were executed and to the examination then made or diligence and care used by the defendant in ascertaining their contents.   On the contrary, the instruction, fairly construed, required the defendant to be diligent to avoid imposition at all times, and does not confine the question of diligence to the day the notes were signed.

*2. INSTRUC-TION: pertinency: promissory note.*

III.   The plaintiff testifies that when the mortgages were executed they were left in the recorder's office to be recorded, and in about a week thereafter he received them by mail enclosed in a letter purporting to be written by D. B. Senden, and thereupon offered to read such letter in evidence, to which defendant objected, because it was not shown who wrote the same, and that it was hearsay and immaterial.   The objection being sustained, the same is assigned as error.   It is urged that the letter was admissible as a part of the transaction, or *res gestæ*.   In this view we do not concur, but on the contrary believe that under no possible view was the letter admissible. A mere statement of the proposition clearly shows that it is not maintainable.

IV.   It is urged that a new trial should be granted on the ground of newly discovered evidence.   It might with propriety be said the newly discovered evidence is cumulative, but in addition to this it is shown that the witness by whom the newly discovered facts can be proved is the notary before whom the mortgages were acknowledged, and that he heard a part at least of the conversation between the plaintiff and defendant.   The affidavit of plaintiff's attorney shows that, previous

*3. NEW TRIAL: affidavit of attorney: newly discovered evidence.*

to the trial, he frequently inquired of plaintiff if any one was present at said conversation, and plaintiff replied that he did not remember that there was. No reason is given why the affidavit of the plaintiff is not furnished, which we think under the circumstances should have been done. For aught that appears the plaintiff may have known of the testimony, and we think due diligence required or should have prompted the thought that the notary might probably know something of the transaction. We are of opinion there is not sufficient diligence shown, and that the evidence is cumulative.

AFFIRMED.